Morgan E. Lane, J.
The defendant George Siff was served with a series of summonses between the months of October, 1972 and January, 1973 charging him with a violation of section 64-b of the Alcoholic Beverage Control Law of the State of New York. The People of the State of New York were represented by both *415 an Assistant District Attorney and a member of the legal department of the Police Department while the defendant was represented by his retained counsel.
The case appeared on my calendar, on January 30, 1973 at Part 7 of the Criminal Court of the City of New York and after a conference both sides agreed that the facts not being in dispute that the case be submitted to me on an agreed statement of facts, for decision as to whether or not the defendant violated section 64-b of the Alcoholic Beverage Control Law. It was further stipulated that the facts in all the cases were similar and that the decision rendered would be the decision in all the cases.
AGREED STATEMENT OF FACTS
The defendant George Siff, was during the dates in question the manager of La Perville Inc. located on 1815-65 Street, Brooklyn, New York. That La Perville Inc. is a catering establishment, with a capacity for the assemblage of 20 of more persons, and is duly licensed as a catering establishment by the Department of Consumers Affairs of the City of New York under document No. 57458 and issued a license No. 552993 issued on September 11, 1972 upon the payment of a fee of $150. That La Perville catered affairs for particular functions, occasions or events for a profit and does not have a liquor license issued by the State Liquor Authority. On the dates mentioned in the series of summonses, namely, between October, 1972 and January, 1973 the defendant George Siff was present at the La Per-ville establishment as manager during a series of catered affairs which were in progress and were not open to the public. At each affair there were more than 20 persons present seated around tables consuming food and partaking of beverages including alcoholic beverages. That La Perville supplied the food and nonalcoholic beverages and that the alcoholic beverages were supplied by the individuals who rented the premises for the particular function, occasion or event.
No alcoholic liquor was sold by the defendant during the dates in question. On each occasion when the police entered, they saw, food and a bottle of alcoholic liquor on the tables and people partaking thereof. The defendant at the request of the police submitted to them a bottle of alcoholic liquor and it is conceded that the bottles, pursuant to laboratory tests contained alcohol.
The question arises did George Siff as manager of La Perville Inc., as outlined in the above facts violate section 64-b of the Alcoholic Beverage Control Law.
*416 Section 64-b of the Alcoholic Beverage Control Law was enacted by chapter 786 of the Laws of 1969 and as amended by chapter 1043 of the Laws of 1971, effective September 1,1971.
Section 64-b reads “ License to sell liquor on premises commonly known as a bottle club
“1. It shall be unlawful for any person, partnership or corporation operating a place for profit or pecuniary gain, with a. capacity for the assemblage of twenty or more persons to permit a person or persons to come to the place of assembly for the purpose of consuming alcoholic beverages on said premises, which alcoholic beverages are either provided by the operator of the place of assembly, his agents, servants or employees, or are brought onto said premises by the person or persons assembling at such place, unless an appropriate license has first been obtained from the state liquor authority by the operator of said place of assembly. Nothing in this section shall be construed as affecting the definition of place of assembly in this chapter or any other law. Nothing contained herein shall prohibit or restrict the leasing.or use of such place of assemblage as defined herein by any organization or club enumerated in subdivision seven hereof.
“ 2. Upon or after the effective date hereof any person may make an application .to the appropriate board for a special license to operate a bottle club. * * *
“ 5. No bottle club license shall be granted for any premises which shall be on the same street or avenue and within two hundred feet of a building occupied exclusively as a school, church, synagogue or other place of worship * * *
“ 7. This section shall not apply to any non-profit religious, charitable, or fraternal organization nor to a club as defined in section three, subdivision nine of this chapter, nor to a duly recognized political club.” (Emphasis added.)
. It will be noted in section 64-b that the caption reads “ License to sell liquor on premises commonly known as a bottle club ”. A reading of subdivision 1 thereof does not specifically refer to a bottle club but refers to a place of assembly maintained or leased for pecuniary gain to permit a person or persons to come to the place of assembly for the purposes of consuming alcoholic beverages on said premises, whether or not provided by the operator of the premises-or are brought -onto said premises by the person or persons assembling at said place, unless an appropriate license has first -been obtained from the State Liquor Authority.
*417 At first glance this subdivision may seem to apply to a catering establishment like La Perville, Inc., without referring to same. Therefore it becomes incumbent to ascertain the intent of the Legislature in enacting said statute. In ascertaining the intent of the Legislature it will be noted that subdivision 2 distinctly refers to a bottle club and subdivision 5 distinctly refers to a “ bottle club ”. Those references combined with the heading would lead to the natural inference that section 64-b in its entirety refers only to bottle clubs. It should also be noted that subdivision 1 which the defendant is charged with violating in describing the premises states “ To permit a person or persons to come to the place of assembly for the purposes of consuming alcoholic beverages on said premises ”. It would appear therefore that the above phrase was included to describe a premises as a bottle club.
In support of the contention that section 64-b was enacted solely and wholly in respect to bottle clubs, the defense has submitted to the court a certified copy of a memorandum submitted by Francis Boland, Assemblyman of Broome County, one of the sponsors of chapter 86 of the Laws of 1969, which is as follows:
“ Memorandum
“ Assembly No. 4861 — Mr. Boland — Multi-Sponsored by Mr. Leasure
“ Senate No. 2801 — Mr. Anderson '
“ An Act
“ To amend the alcoholic beverage control law, in relation to licenses to sell liquor on premises commonly known as bottle clubs.
“ Subject: Regulation of premises commonly known as bottle clubs.
“ Purpose: To require licenses and set fees for licenses to operate premises commonly known as a bottle club.
“ Justification: At the present time under the alcoholic beverages control law the State Liquor Authority or the local ABC board has no control over the premises which are commonly known as bottle clubs. These premises are operated under the principle that everyone brings their own bottle to the place of business and are sold setups and mixes. In the past there has been a great deal of difficulty caused in some instances by these bottle clubs to local police departments and law enforcement agencies, since there is no rule or regulation requiring closing *418 times, etc. This bill would require licenses of such clubs and more importantly bring them under the regulation of the state liquor authority and the local ABC board.”
This memorandum clearly shows that section 64-b effective June 1, 1969, refers diréetly to bottle clubs.
Further, in respect to the amendment of section 64-b, in chapter 1043 of the Laws of 1971, a certified copy of John Calandra, a State Senator of Bronx County, was submitted which is as follows:
“ Memorandum
“Be: Senate —John Calandra-'-
Assembly — William Passannante
“ ax act to amend the alcoholic beverage control law, in relation to licenses to sell liquor on premises commonly known as bottle clubs.
“ This bill, recommended by the Attorney General, amends the Alcoholic Beverage Control Law with respect to the licensing of after hour bottle clubs.
“ In the latter part of 1970, at the request of the State Liquor Authority and the New York State Tax Department, the Attorney General’s office commenced an investigation with respect to alleged illegal after hour bottle clubs. It is estimated that as much as seven million dollars annually in license fees is being lost to the State, to say nothing of the annual loss in sales and income taxes to the State as well as to the City of New York. Investigation by the Special Prosecutions Bureau of the Attorney-General’s office, assisted by the New York State Police, the New York City Police and the Secretary of State of New York, disclosed the probability that thousands of illegal after hour bottle clubs were in existence in the City of New York alone.
“ Section 64B, stibd. 1 of the A. B. C. Law presently requires a license for the operation of after hour bottle clubs only if they place of assemblage has a capacity of a hundred or more persons. Investigation by .the Attorney General’s office disclosed that a great, many illegal after hour bottle clubs accommodate far less than 100 persons and accordingly are not subject to this section. The purpose of the proposed amendment is to make it applicable to after hour bottle clubs with a capacity to assemble as few as twenty persons. Violation of this subdivision is a misdemeanor pursuant to § 130, subd. 5 of the A. B. C.X^ Law. Accordingly, local police authorities could arrest offenders and thereby close more illegal after hour bottle clubs. y
*419 “ This hill is part of the legislative program of the Attorney General.”
It should be noted that the amendment was recommended by the Attorney-General and was part of the legislative program of the Attorney-General and specifically refers to bottle clubs.
Further evidence to show that there is a distinction between a bottle club and a catering establishment can be adduced by referring to the Alcoholic Beverage Control Law. An appendix to the law contains rules of the State Liquor Authority as amended to September 18, 1969 and further amended to June 1, 1972 (see McKinney’s Cons. Laws of N. Y., Book 3, Alcoholic Beverage Control Law, Appendix, Rules of State Liquor Authority).
Part 49 of said rules (9 NYCRR Part 49) is entitled bottle clubs and sections thereunder contain all the rules regulating the conduct, inspection, hours of operation etc. of bottle clubs. Each subdivision thereof of above rules relates only to bottle clubs.
In regard to catering establishment the Alcoholic Beverage Control Law clearly defines a “ Catering establishment ” under subdivision 7-a of section 3, titled definitions; however this section 3 does not define a “ bottle club ”. The Alcoholic Beverage Control Law also has an article 7, Special Permits, which pertains only to caterers.
In arriving at an agreed statement of facts in this case, as to whether or not defendant George Siff violated section 64-b of the Alcoholic Beverage Control Law the minutes reveal as follows:
“ The Court: Do you contend that this is a Bottle Club?
Mr. Froelick: (Assistant District Attorney) We contend that it is not.”
The court has analyzed very thoroughly the question as to whether or not a catering establishment operating as outlined above could in any way be governed by section 64-b of Alcoholic Beverage Control Law which pertains only to bottle clubs.
In the premises of La Perville Inc. which is a catering establishment, wherein both food and liquids are consumed, can it be contended that patrons coming to the functions or affairs come there for the purpose of consuming alcoholic beverages upon said premises ? Common experience and knowledge clearly show that not to be the fact. Many people attend functions at catering establishments just to partake of food — others partake of food and nonalcoholic liquids while others partake of food and alcoholic liquids.
*420 I am of the opinion that the La Perville Inc., a duly licensed catering establishment, is not a bottle club and therefore the defendant manager cannot be convicted of violating section 64-b of the Alcoholic Beverage Control Law.
The defendant, George Siff, is found not guilty.